JOSEPH G. COLBY *v.* ENOCH D. FULLER, *Secretary of State & a.*

324

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for the plaintiff.

*Normandin & Normandin* (*Mr. Fortunat A. Normandin* orally), for the defendant Gilman.

*C. Murray Sawyer* for the Democratic County Committee.

*Gordon M. Tiffany*, Attorney General, for the remaining defendants.

PER CURIAM. R. L., c. 33, s. 67 as amended by Laws 1947, c. 159, s. 5, provides: "DEATH OF CANDIDATE. In case of the death of any candidate to be voted for at any primary or general election, between the date of nomination or filing and the day of election, a new candidate may be substituted under the authority of the party committee of the state, county, town or ward, as the case may require, whose name shall be printed upon the ballots if they have not been printed. In cases of vacancies in candidacies for the offices of state senator and councilor, the appropriate party committee to fill such vacancies hereunder shall be the state committee of the party affected." Opposing counsel are in general agreement that this statute is limited to filling vacancies by party committees only in the event of death and that therefore it does not control the present situation.

The only other pertinent statutory provision is R. L., c. 33, s. 52 as amended by Laws 1947, c. 159, s. 4, reading as follows: "VACANCIES. Vacancies upon any party ticket occurring after the holding of any primary shall be filled by the party committee of the state, county,

town or ward, as the case may require, and such committee shall file notice of the appointment made with the secretary of state forty days prior to the day of election for all candidates for any office. The number of days herein given shall include Sundays and shall end on the day before election at six o'clock in the afternoon. The names of persons so appointed shall be placed upon the official election ballot. 'Vacancies' for the purpose of this section shall mean only those cases where no candidate has filed and where the person whose name has been written in withdraws or refuses to accept the nomination or where the sole candidate filing for the nomination shall be disqualified for any reason.''

The filling of vacancies permitted by this section is limited to appointments made forty days before the election. It is further restricted by limiting vacancies to two specific situations. The first is where no candidate has filed and the person who has received the nomination by a write-in vote withdraws or refuses to accept the nomination. The second is where the sole candidate is disqualified for any reason. It appears from the statement of facts that the present dispute is not within either of the contingencies provided for in this statute. In the present situation there were two candidates and no question of a sole candidate was involved. Furthermore the vacancy was not created by the failure of any candidate to file and the withdrawal of any candidate named. Accordingly there was no vacancy that existed in the present case which the statute permits to be filled by appointment.

The plaintiff argues that this is the type of vacancy which the Legislature has not regulated and therefore is governed by the common law right of party committees to act in the absence of statutory regulation. It is further contended that the statutes regulating the Australian Ballot, the direct primary, the Ballot-Law Commission and the election machinery in general have not deprived party committees of their plenary power to fill vacancies such as the present one. The defendants take the position that unless the vacancy is one that is provided by statute, there is no authority to fill it by any party committee.

Formerly the powers of political committees were much greater than today. *Attorney-General* v. *Barry*, 74 N. H. 353. The legislative history of the primary law, and in particular of R. L., *c.* 33, *ss.* 52 and 67, indicate a legislative purpose to control and regulate the time, method and manner of making all nominations and appointments prior to the election. By amendments adopted in 1935 and 1937 the

general authority of party committees under section 52 to fill vacancies arising after the primaries was sharply restricted. Laws 1935, *c.* 42, *s.* 2; Laws 1937, *c.* 80, *s.* 5. The 1937 amendment also limited the use of adhesive stickers permitted by section 68 of chapter 33, of the Revised Laws, solely to cases arising from death of a candidate prior to the election. Laws 1937, *c.* 80, *s.* 7. This indicates a legislative intention that no vacancies shall be filled by appointment within forty days of election except in cases of death.

Thus the primary law limits the time, designates the person or party who may act and prescribes the method by which it shall be done. Any means of making a nomination or appointing a candidate to fill a vacancy to be effective today must be supported by statutory authority therefor. *O'Brien* v. *Fuller*, 93 N. H. 221, is not authority for the principle that a county political committee can function independently of R. L., *c.* 33, *ss.* 52, 67. While the law recognizes the county committee (R. L., *c.* 33, *s.* 60), the committee has no power to fill vacancies except as and in the manner provided in sections 52 and 67.

There is much to be said for the proposition that no political party should be deprived of a candidate for any reason if he can be nominated or appointed in time to have his name printed on the ballots for use in the November election. However, this court is governed to no less a degree than election officials by the statutory election machinery provided by the Legislature. We must construe the statutes as we find them and are not free to remedy each specific inadequacy as it develops. *Maclay* v. *Fuller*, decided this day. The remedy, if any is to be had, is legislative.

This result makes it unnecessary to consider other issues which were argued by the parties in the proceeding.

*Petition dismissed.*