Hillsborough,
No. 4701.

DAVID WILKES

*v.*

HARRY E. JACKSON, *Secretary of State.*

Argued October 14, 1958.

Decided October 14, 1958.

422

*Devine & Millimet* (*Mr. Millimet* orally), for the plaintiff.

*Louis C. Wyman*, Attorney General (by brief and orally), for the defendant.

PER CURIAM. The right to vote and the right to be a candidate for office are given constitutional protection by virtue of N. H. Const., Part I, *Art.* 11th. It is recognized, however, that the freedom of the elective franchise is subject to reasonable regulations established by the Legislature for the purpose, among others, of choosing the candidates and expediting the printing and distribution of the ballots. *O'Brien* v. *Fuller*, 93 N. H. 221. Prior decisions have assumed, although not expressly decided, that there would be a remedy by *mandamus* or some other proceeding in cases where the plaintiff had a clear right to vote or to be a candidate for office but that this remedy would not be granted if the ballots had been printed or if they could not be corrected in time for proper distribution. *Collins* v. *Pearson*, 75 N. H. 567; *Maclay* v. *Fuller*, 96 N. H. 326. See note, Mandamus in New England, 37 B. U. L. Rev. 456, 492 (1957).

The present case is governed by that part of RSA 56:51 which reads as follows: "A person so notified shall advise the secretary of state, in writing, if he wishes to accept such nomination. If such acceptance of nomination is not received by the secretary of

state within six days from the date of the publication of the notice as provided in section 50, the person shall be deemed to have refused such nomination and his name shall not appear on the official ballot as a candidate for said office."

In the present case the plaintiff's acceptance was not received by the Secretary of State within the six-day period prescribed by the statute. The phrase "shall be deemed to have refused such nomination" in its ordinary meaning and in the context of the election laws is intended to connote a high degree of finality. *Delisle* v. *Smalley*, 95 N. H. 314, 315. This phrase, together with the further provision that the name of such a candidate "shall not appear on the official ballot," indicates a legislative intent to bar those candidates who have not complied with the requirements of this section. RSA 56:51. If the statute is to achieve a more liberal result in cases where the equities weigh heavily in favor of the candidate, this must be accomplished by legislative action and not by judicial decree. This thought was expressed in *Colby* v. *Fuller*, 96 N. H. 323, 326, in the following language: "There is much to be said for the proposition that no political party should be deprived of a candidate for any reason if he can be nominated or appointed in time to have his name printed on the ballots for use in the November election. However, this court is governed to no less a degree than election officials by the statutory election machinery provided by the Legislature. We must construe the statutes as we find them and are not free to remedy each specific inadequacy as it develops. *Maclay* v. *Fuller* . . . . The remedy, if any is to be had, is legislative."

*Petition denied.*