Hillsborough,
No. 6050.

ELMER B. NICKERSON

*v.*

GEORGE T. AIMO & a.

June 30, 1970.

*Wyman, Bean & Tefft* ( *Mr. Stanton E. Tefft* orally ), for the plaintiff.

*Raymond A. Cloutier,* for defendants George T. Aimo and Goffstown Board of Recount, filed no brief.

*Emile R. Bussiere* and *Kenneth R. McHugh* ( *Mr. Bussiere* orally ), for Barbara Poehlman.

KENISON, C.J. The issues in this case are whether a recount was authorized and, if so, whether the court's finding and ruling that it was valid is sustainable. Plaintiff was declared a selectman of the town of Goffstown following a count of the ballots cast for

that position at the town meeting on March 11, 1969. Elmer B. Nickerson was credited with 577 votes, Robert L. Chase with 563 votes and Barbara Poehlman with 562 votes. Defendant Barbara Poehlman made an oral application for a recount accompanied by the required fee within the time prescribed by RSA 59:108. The Clerk set March 26, 1969 as the date of the recount, which was two days earlier than specified by RSA 59:108. All candidates were notified, although not in writing as required by RSA 59:108. At the recount, which all candidates attended, the tally showed Barbara Poehlman with 584 votes, Robert L. Chase with 563 votes and Elmer B. Nickerson with 576 votes. Barbara Poehlman was then declared selectman.

Plaintiff appealed to the superior court, under RSA 59:113, contesting the recount because the requirements of RSA ch. 59 for convening a board of recount and for the sealing and certification of ballots were not complied with, and because the ballots were inadequately protected from possible tampering. *Dunfey*, J., heard testimony, made findings of fact and rulings of law and decreed that the recount was valid and that Mrs. Poehlman had been elected. Plaintiff's exceptions to the decree and to the findings and rulings of the court, and defendants' exceptions to the denial of their motion to dismiss have been reserved and transferred.

Initially, defendant contends that RSA 59:113 does not authorize the action in superior court and if there is a remedy here it is an information in the nature of a quo warranto contesting the right of defendant Poehlman to hold office. RSA 59:113 provides that "[a]ny person aggrieved by any ruling of the board of recount with respect to any ballot so recounted may" appeal to the equity jurisdiction of superior court. Although there was no dispute over any given ballot which required a formal ruling by the Board of Recount, plaintiff is contesting the implied ruling that all ballots counted had been legally cast and had not been altered. *See* Annot., 71 A.L.R. 435. The plaintiff therefore qualifies as a person aggrieved by a ruling of the Board of Recount under RSA 59:113.

Equity will not ordinarily become involved in political matters, especially when there is an adequate remedy at law. *Stickney* v. *Salem*, 96 N.H. 500, 78 A.2d 921. The present case is distinguishable from *Stickney* v. *Salem, supra*, however, since plaintiff is contesting the actions of the Board of Recount rather than the conduct of the election itself and the present appeal is brought

under a statute rather than the general equity power of the court. *Stearns* v. *O'Dowd*, 78 N.H. 358, 101 A. 31.

Although the requirements of RSA ch. 59 regarding the request for and notice of the recount were not strictly followed, the finding, "that the plaintiff and other candidates had notice of the recount and were not prejudiced by the failure of the clerk to follow the specific requirements of the statute relating thereto," is amply supported by the record. All candidates and the Board of Recount were present at the recount and there is no evidence of any inconvenience to the parties or any lack of opportunity to protect their legal rights. *Murchie* v. *Clifford*, 76 N.H. 99, 79 A. 901; *Crosby* v. *Board of Election Commissioners of Newton*, 350 Mass. 544, 215 N.E.2d 781; *Clancy* v. *Wallace*, 288 Mass. 557, 193 N.E. 546.

Whether the ballots have been preserved so as to preclude a reasonable opportunity for tampering is a factual question for the trial judge. *Armbrust* v. *Starkey*, 3 Ill. 2d 131, 119 N.E.2d 910. The determination below will not be disturbed unless it was unwarranted by the evidence. *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N.H. 40, 46, 178 A.2d 512, 516.

While proper preservation of the ballots must be established, this does not mean that they must be proven genuine beyond all suspicion however groundless. Rhyne, Municipal Law *s.* 7-13 (1957); 3 McQuillin, Municipal Corporations *s.* 12.25, at 155 (3d ed. rev. 1963); 'No safe is so secure as that it may not be unlocked, and no vault so perfect that it may not be entered.' *Wiedenheft* v. *Frick*, 234 Iowa 51, 56, 11 N.W.2d 561, 564. The record in the present case is sufficient to uphold the determination that the ballots were adequately preserved. The Clerk had the only key to the ballot box. Shortly after the box was locked and sealed with masking tape, it was placed in the town vault. Although the outside doors of the vault were unusable, there was testimony that the inner doors were always locked. There is no evidence that anyone other than town employees had keys to these doors. The Clerk checked the box in the vault regularly and testified that its position had not changed. Although several screws in the hinges of the ballot box cover were loose on the day of the recount, there was no evidence of their condition on the night of the election. The Clerk testified that the ballots in the ballot box were arranged in the same way at the time of the recount as they were when he placed them in the box after the original count.

The fact that the requirements of RSA 59:92 and 59:88 as to the sealing and certification of ballots were not complied with is not decisive. "The question to be decided is not whether some election officer has followed the requirements of the statute as to preserving the evidence of the voter's choice. The issue is: What was the legally expressed choice of the voters?" *Murchie* v. *Clifford,* 76 N.H. 99, 102, 79 A. 901, 902.

*Affirmed.*

All concurred.