Merrimack
No. 6619

WILLIAM MUELLER & a. v. HOPKINTON TOWN CLERK & a.

March 2, 1973

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Kurt M. Swenson,* by brief, for the plaintiffs.

*Upton, Sanders & Upton* and *Richard F. Upton,* by brief, for the defendants.

PER CURIAM. Questions of law raised by plaintiffs' exception to an order of the superior court dismissing their petition

for a writ of mandamus to compel the Hopkinton Planning Board and town clerk to include on the official ballot for the March 6, 1973 Hopkinton town meeting a certain proposed zoning amendment described as amendment No. 8, were reserved and transferred by *Keller, C. J.*

Following the first public hearing before the planning board as required by RSA 31:63-a, at which the planning board proposed the amendment in question, the amendment was approved by the board and publicized in the notice of the second hearing to be held on February 15, 1973. Following the second hearing however it was deleted by the planning board from the list of amendments to be submitted to the voters, and was not filed with the town clerk as were the other proposed amendments.

The statute which requires the hearing before the board (RSA 31:63-a) makes no provision for alteration or deletion of a proposal following the second hearing, except that "editorial revisions and textual modifications" are permitted. While the action of the board in suppressing amendment No. 8 was of doubtful validity, we do not undertake to determine that question because no transcript of the hearing before the trial court could be made available in the brief time remaining before the annual town meeting on March 6, 1973.

To order the town officials to post a substitute warrant or to amend the one already posted to enable the voters to vote on amendment No. 8 would only serve to spawn further litigation as to the lawfulness of the zoning vote. Consequently without reaching the merits of the case on this record and in view of the short time remaining before the annual meeting four days hence, we decline to order mandamus. *See Wilkes v. Jackson,* 101 N.H. 420, 145 A.2d 169 (1958).

*Plaintiffs' exception overruled.*