No. 13076

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ex rel
JUANITA BROWNE,

                    Petitioner,

    -vs-

THE DISTRICT COURT OF THE THIRD
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
POWELL AND THE HON. ROBERT J. BOYD,
DISTRICT JUDGE,

                    Defendants.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        William R. Taylor argued, Deer Lodge, Montana
        Greg J. Skakles argued, Anaconda, Montana

    For Defendants:

        Hon. Robert J. Boyd, Anaconda, Montana
        Ted L. Mizner argued, Deer Lodge, Montana

---

Submitted: July 15, 1975

Decided: AUG 8 1975

Filed: AUG 8 1975

Thomas J. Kearney
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In this original proceeding petitioner Juanita Browne seeks a determination by this Court to set aside the findings of fact, conclusions of law and judgment of the district court, county of Powell, declaring Stanley N. Smith a successful candidate at the election for trustee of the Board of Trustees, Powell County High School District. These undisputed facts are the basis of this petition:

On April 1, 1975, an election was held in Powell County for the election of a trustee to the Board of Trustees of Powell County High School District. Petitioner was seeking reelection to the office and her name, and her name alone, was printed on the official ballot. Contestant Stanley N. Smith, M.D., conducted a write-in campaign for the office of trustee. The board of canvassers following such election, returned Juanita Browne as the successful candidate, holding that she received 437 votes as compared to 424 votes cast for Stanley N. Smith.

Subsequent to such election Stanley N. Smith filed a petition for recount which action was later dismissed. Thereafter, Smith filed a petition to contest petitioner's election alleging the election judges and the board of canvassers ignored and refused to count for him approximately 25 write-in votes in the name of Dr. Smith, Dr. Stan Smith, Dr. G. Smith and Dr. M. Smith, instead of Stanley N. Smith. The petition prayed that the court declare the election of Juanita Browne void and that a certificate of election be issued to Stanley N. Smith.

Juanita Browne filed an answer, raising two affirmative defenses: (1) That even if the 25 votes were counted for Stanley N. Smith, he would still not be entitled to the office of trustee, as a number of illegal notes were erroneously counted for him, which number if taken from his total count would reduce his

number of legal votes below the number of votes given Juanita Browne and therefore her election could not be set aside under the provisions of section 23-4764, R.C.M. 1947. (2) That Stanley N. Smith was not entitled to such office because of violation of section 23-4753, R.C.M. 1947, which provides:

> "It shall be unlawful for any person at any place on the day of any election to ask, solicit, or in any manner try to induce or persuade any voter on such election day to vote for or refrain from voting for any candidate * * *."

The matter came on for hearing before Hon. Robert J. Boyd, Judge of the Third Judicial District.

Every ballot cast was stipulated into evidence by segregating into separate groups ballots containing similar characteristics and each then being considered an exhibit.

The 434 votes cast for Juanita Browne were not at issue; Stanley N. Smith's candidacy was by write-in vote. As a part of his campaign, stickers were printed and distributed which contained the name Stanley N. Smith, M.D., and containing a box with a small x printed inside the box. On the day of the election, April 1, 1975, the election committee supporting Stanley N. Smith, parked a truck approximately 300 feet from the Deer Lodge precinct polling place bearing two signs reading "Stickers for Doctor Smith" or words to that effect.

Of the votes counted for Smith, approximately 180 ballots contained the sticker referred to above and were not placed over the name of Juanita Browne and contained no X or mark by the voter. In addition, 10 ballots counted for Smith contained his name written in by hand but contained no X in the box in front of the name of Juanita Browne or Stanley N. Smith. These ballots counted for Stanley N. Smith did not conform to the requirements of section 23-3606(2),(4), R.C.M. 1947, which provide:

"(2) He shall prepare his ballot by marking an 'X' in the square before the name of the person or persons for whom he intends to vote.

"* * *

"(4) The elector may write in the blank spaces, or paste over any other name, the name of any person for whom he wishes to vote, and vote for that person by marking an 'X' before the name."

After the hearing proposed findings of fact and conclusions of law and memorandum in support were submitted by both parties. On June 3, 1975, Hon. Robert J. Boyd issued his findings of fact and conclusions of law holding that the election judges improperly counted the votes referred to above for Stanley N. Smith; that he received a majority of the votes cast at such election and was entitled to the office of trustee. He then ordered that the findings of fact and conclusions of law constituted the judgment in such matter and ordered the Board of Trustees of Powell County High School District to forthwith issue to Stanley N. Smith a certificate of election.

Here, petitioner asks this Court to determine whether or not the sticker with a premarked "X" is a legal marked ballot.

Defendant district court argues this Court must determine and carry into effect the expressed will of the majority of the legal voters, as indicated by their vote, not regarding technicalities or errors, and cites Heyfron v. Mahoney, 9 Mont. 497, 24 P. 93 and Peterson v. Billings, 109 Mont. 390, 394, 96 P.2d 922. In Peterson this Court noted:

"'It has always been held in this state that if the intention of the voter can be fairly ascertained from the ballot, though not in strict conformity with the law, effect will be given to that intention. * * *.'"

Further, defendant argues holding to strict compliance with the law was either expressly or implicitly overruled by Peterson and that Peterson holds the method of marking the ballot is directory and not mandatory, for it allowed ballots to be counted

- 4 -

which were not only "Xd" outside the square before the candidates name, but also counted ballots marked with a "V" mark.

Peterson and two earlier cases cited as being either expressly or implicitly overruled, Dickerman v. Gelsthorpe, 19 Mont. 249, 47 P. 999; Corwile v. Jones, 38 Mont. 590,101 P. 153, discussed the marking of the ballot and in each there had been a distinct marking of the ballot by a voter. Here, the mark on some 180 votes was the mark of a printer.

The 1969 Montana legislative assembly enacted Chapter 368, whereby the election laws of the state were rewritten. The laws were not copied nor taken from another source or state.

Chapter 368, Laws 1969, enacted these sections of the Montana code relative to the manner in which an elector casts a vote or marks a ballot:

> "23-3506. Registrar to provide printed ballots--marking by electors--other ballots ineffective. Except as otherwise provided in this act:
>
> "(1) The registrar shall provide printed ballots for every election for public officers. He shall print on the ballot the names of all candidates, including candidates for chief justice and associate justices of the supreme court, and judges of the district courts;
>
> "(2) An elector may write or paste on his ballot the name of any person for whom he desires to vote for any office, but must mark it as provided in section 23-3606. When the ballot is marked in this manner it must be counted the same as though the name is printed upon the ballot and marked by the voter;
>
> "(3) Ballots other than those printed by the registrars may not be cast or counted in any election."
>
> "23-3515. Stub, size and contents. (1) The ballot shall be printed on the same leaf with a stub, and separated by a perforated stub.
>
> "* * *
>
> "(3) Upon the face of the stub shall be printed, in type called brevier capitals, the following:
>
> "(a) 'This ballot should be marked with an "X" in the square before the names of each person or candidate for whom the elector intends to vote. The elector may write in blank spaces, or paste over another name, the name of a person for whom he wishes to vote, and vote by marking an "X" in the square before the name.' * * *"

"23-3606. Method of voting. (1) On receipt of his ballot, the elector must immediately retire to one of the booths and prepare his ballot.

"(2) He shall prepare his ballot by marking an 'X' in the square before the name of the person or persons for whom he intends to vote.

"* * *

"(4) The elector may write in the blank spaces, or paste over any other name, the name of any person for whom he wishes to vote, and vote for that person by marking an 'X' before the name."

In Dunphy v. Anaconda Co., 151 Mont. 76, 79, 438 P.2d 660, this Court discussed construction of statutes and held:

"* * * In construing a statute, the intention of the Legislature is controlling. * * * Although various rules of statutory construction have been developed and employed in diverse cases that have come before this court in the past, we consider the following to be applicable to the instant case in determining legislative intent. The intention of the Legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. * * * Where the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. * * * The function of the court is simply to ascertain and declare what in terms or in substance is contained in the statute and not to insert what has been omitted. * * * In short, it is simply the duty of the Supreme Court to construe the law as it finds it. * * *."

In a recent opinion on the question of what constitutes the act of voting this Court held that voting is the affirmative act of marking the ballot. State ex rel. Cashmore v. Anderson, 160 Mont. 175, 500 P.2d 921.

When applied to the school election here in question section 75-5915, R.C.M. 1947, provides:

"Conduct of Election and Ballot. * * * The trustee election ballots shall be substantially in the following form:

"OFFICIAL BALLOT
"SCHOOL TRUSTEE ELECTION

"INSTRUCTIONS TO VOTERS: Make an X or similar mark in the vacant square before the name of the candidate for whom you wish to vote. * * *"

The statute calls for the voter to make his mark; an affirmative act is called for to signify his selection, not a premarked ballot mark of a printer.

We note that some 173 stickers were improperly placed on the ballot which in itself is a failure to comply with the election laws. Where stickers are used section 23-3606(4), R.C.M. 1947, provides:

> "(4) The elector may write in the blank spaces, or paste over any other name, the name of any person for whom he wishes to vote, and note for that person by marking an 'X' before the name."

Improper application of these stickers to the ballots renders them invalid.

The provisions of Montana's election laws as to the marking of the ballot and the use of stickers are mandatory and not directory. Here, while the voters may have intended to vote for Smith, this Court is not at liberty to validate those ballots when voters fail to mark them in the manner provided by statute.

Having determined the matter on the above discussed issue, we find no need to consider the question raised by petitioner as to the conduct of the campaign on election day.

The findings of fact, conclusions of law and judgment of defendant district court are ordered vacated and the matter returned to that court for entry of judgment in conformity herewith.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 7 -

Mr. Justice Wesley Castles dissenting:

I dissent.

I think the majority opinion is much too narrow in construing the election laws. I would look to the intent and act of the voter in pasting on the sticker. Judge Boyd was correct in every detail, and I would affirm.

_____Wesley Castles_____
Justice.