Strafford
No. 7287

JEROLD D. BARCOMB v. KATHERINE L. HERMAN *& a.*

May 29, 1976

*McManus & Johnson (Mr. Anthony A. McManus* orally) for the plaintiff.

*Nadeau & Gray* and *William B. Cullimore (Mr. Cullimore* orally) for the defendants.

KENISON, C.J.   In 1967 the voters of the city of Rochester approved three amendments to the city charter. This suit challenges the validity of these amendments on the ground that they were not drafted or submitted to the voters in accordance with the procedure prescribed by statute. RSA 49-A:12 (Supp. 1975, Laws 1963, 275:1). The Superior Court *(Dunfey,* J.) ruled that the charter amendments are invalid.

One of the proposed amendments involved the term of persons elected to fill vacancies in the city council. Prior to 1967 the Rochester city charter provided that such persons should serve "for the unexpired term." Under the 1967 amendment such persons serve "until the election next ensuing." The plaintiff was elected in June 1973 to fill a vacancy for Ward One in the Rochester City Council. The unexpired term of his predecessor ran until 1976. Pursuant to the apparent 1967 charter amendment the city solicitor ruled that the plaintiff's term would expire with the November 1973 election. The plaintiff filed the present petition for declaratory and injunctive relief to prevent the defendants, the city of Rochester and the city clerk, from holding an election for the Ward One seat. In September 1973 the Superior Court *(Morris,* J.) denied the requested injunction. The plaintiff was defeated at the election. Trial in April 1974 on the plaintiff's petition for declaratory judgment resulted in rulings that the 1967 charter amendment was invalid and that the plaintiff was entitled to hold office for the unexpired term of his predecessor. The defendants entered their exceptions in this court in August 1975, and the case was argued in January 1976.

The defendants contend that the plaintiff's remedy must be by writ of quo warranto, which must be sought by the attorney general. *See Stickney v. Salem,* 96 N.H. 500, 78 A.2d 921 (1951); *Attorney General ex rel. Chamberlin v. Nadeau,* 110 N.H. 264, 268, 266 A.2d 118, 120 (1970). A similar contention with respect to the form of the proceedings was made and rejected in *Bridgham v. Keene,* 112 N.H. 84, 85, 289 A.2d 392, 393 (1972). *See also Leonard v. Philbrick,* 106 N.H. 311, 313, 210 A.2d 819, 820 (1965). The issue in this case is not the 1973 councilman election but the validity of the 1967 charter amendment. *Nickerson v. Aimo,* 110 N.H. 348, 349, 266 A.2d 828, 830 (1970).

RSA 49-A:12 (Supp. 1975, Laws 1963, 275:1) authorizes cities

to adopt by referendum the charter amendment procedure prescribed by RSA 49-A:8 to :12. Under this procedure a city may amend its charter by popular referendum without the necessity of legislative act by the general court. Rochester voted to adopt the charter amendment provisions of RSA ch. 49-A in 1963.

There were numerous irregularities in the submission of the proposed 1967 charter amendments to the voters. First, the trial court found that the charter commission had violated RSA 49-A:9 by failing to hold public hearings and by failing to provide for the widest possible public information and discussion of its work. Second, the commission filed its report thirty-five days before the referendum. RSA 49-A:10 provides that proposed charter amendments shall be "placed upon the ballot at the next general or regular city election occurring not less than *sixty* days following the filing of the commission's report." Third, the city clerk made sample ballots available for distribution in the week prior to the vote. RSA 49-A:10 requires the clerk to cause the distribution of copies of the proposed amendment to the voters not less than thirty days prior to the referendum. Fourth, the question put on the ballot differed significantly from the language contained in the charter commission's report and both differed from the proposal considered at the commission's one public hearing.

This combination of irregularities deprived the voters of the notice and opportunity for public debate which the statute requires. Under the statute, fair notice is necessary for a valid referendum. *Compare McDonnell v. Derry*, 116 N.H. 3, 6, 7, 350 A.2d 620, 622, 623 (1976) *with Keene v. Gerry's Cash Market, Inc.*, 113 N.H. 165, 168, 304 A.2d 873, 875 (1973); *see* Annot., 119 A.L.R. 661 (1939); 2 C. Antieau, Municipal Corporation Law § 17.10 (1973). Minor deviations from the statutory procedure or technical violations thereof may be excused if there is substantial compliance. *Bridgham v. Keene*, 112 N.H. 84, 289 A.2d 392 (1972); *McKinney v. Riley*, 105 N.H. 249, 197 A.2d 218 (1964); 2 E. Yokley, Municipal Corporations § 317 (1957). But there are limits to this dispensation. In this case the substantial disregard of several statutory requirements renders the vote invalid. 5 E. McQuillin, Municipal Corporations §§ 16.64, 16.66 (3d ed. 1969 rev.); *see V. M. Stevens, Inc. v. South Hampton*, 114 N.H. 118, 316 A.2d 179 (1974).

*Defendants' exceptions overruled.*

All concurred.