Request of Governor and Council
No. 7664

OPINION OF THE JUSTICES

December 29, 1976

The following resolution was adopted by the Governor and Council and filed in this court on December 22, 1976:

"WHEREAS, at the biennial election on November 2, 1976, the voters of this state were asked to consider an amendment to the Constitution of the State of New Hampshire described in the following question:

'Are you in favor of amending the Constitution to provide for annual sessions of the legislature and to allow mileage payments for actual attendance for a maximum of ninety legislative days per biennium;' and

"WHEREAS, the statewide vote total on this question was 188,567 affirmative, 95,632 negative, the proposed amendment thereby failing by 993 votes to obtain the required two-thirds favorable vote for adoption (Part II, Article 99, New Hampshire Constitution); and

"WHEREAS, the Governor and Council, pursuant to RSA 59:101 (supp), have ordered a recount of this constitutional question; and

"WHEREAS, the Town Clerk of Newmarket has informed the Secretary of State that the constitutional question ballots in that community were inadvertently destroyed after they had been counted on election night and an official return certified to the Secretary of State; and

"WHEREAS, according to that return 1,789 ballots were cast in Newmarket on this question, 690 affirmative, 440 negative, there being no specific challenge to that result and no allegation of fraud or wrongdoing in the manner in which the election was conducted, the ballots counted or the ballots destroyed; and

"WHEREAS, it is possible to recount this question for the rest of the state; and

"WHEREAS, the vote in Newmarket as officially certified and reported is such that unless a massive alteration in the result in that town were discovered in a recount, the vote would not affect the final state outcome; and

"WHEREAS, the said Governor and Executive Council consider the present situation to be a solemn occasion creating an important question of law pursuant to Part II, Article 74 of the New Hampshire Constitution;

"NOW THEREFORE BE IT RESOLVED that the Court's opinion be given on the following question:

'Should the Governor and Council allow its order for a recount of this constitutional question to stand, given the absence of the ballots from the Town of Newmarket, when there is an official, certified tally from that town, with no allegation of fraud or wrongdoing; and if your answer is in the affirmative, would it be possible to include the original ballot tally certified by the Town Clerk of Newmarket as totals for the Town of Newmarket in with the recount ballots to provide the necessary and desired solution?'

"AND BE IT FURTHER RESOLVED that seven (7) copies of this Resolution be forwarded to the Clerk of the Supreme Court by the Secretary of State."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

Your resolution presents to this court the question whether an otherwise statutorily authorized recount pursuant to RSA 59:101 (Supp. 1975) may proceed in the face of a town's innocent destruction of its ballots, and, if so, whether the original certified ballot tally of the town should be included in the recount.

Subsequent to the submission of the original question, the court was advised that ballots in two additional towns were also inadvertently destroyed after they had been counted on election night and an official return certified to the secretary of state. According to the return for the town of Mason, 273 ballots were cast on the question: 169 affirmative, 104 negative; and for the town of Nottingham, 583 ballots were cast: 376 affirmative, 207 negative. In both instances there are no specific challenges to the results and no allegations of fraud or wrongdoing in the manner in which the elections were conducted, the ballots counted, or the ballots destroyed.

RSA 59:101 (Supp. 1975) provides that upon presentation to the Governor and Council of a petition requesting a recount, "all ballots shall remain in the custody of the respective town and city clerks, under seal, until called for by the secretary of state for the purpose of recounting the ballots." The statute is silent, however, as to the procedure to be followed when a town's ballots have

been innocently destroyed.

In resolving election difficulties of this nature, care must be taken that the matter is not decided on the basis of unwarranted technicalities. The goal must be the ascertainment of the legally expressed choice of the voters. *Nickerson v. Aimo,* 110 N.H. 348, 351, 266 A.2d 828, 830 (1970); *Murchie v. Clifford,* 76 N.H. 99, 102, 79 A. 901, 902 (1911); *see Opinion of the Justices,* 114 N.H. 784, 330 A.2d 774 (1974); *Opinion of the Justices,* 114 N.H. 711, 327 A.2d 713 (1974); *Keene v. Gerry's Cash Mkt., Inc.,* 113 N.H. 165, 304 A.2d 873 (1973). "The object of election laws is to secure the rights of duly qualified voters, and not to defeat them." *Swift v. Registrars of Voters,* 281 Mass. 264, 277, 183 N.E. 727, 729 (1932). As a means to the end of ascertaining the popular will, a statutory recount is simply "a resort to the ballots, themselves, as the primary and best evidence of the result of the election." *Walker v. Mechem,* 56 N.M. 529, 532, 246 P.2d 201, 202 (1952).

It follows from these considerations that the effective disenfranchisement of a town in a recount, owing to the destruction of the town's ballots, is to be avoided. This principle is especially compelling where there is no indication that the destruction of the ballots is linked to any wrongdoing. *Walker v. Mechem supra; Swift v. Registrars of Voters.*

The twin objectives of ascertaining the popular will and avoiding voter disenfranchisement require that the recount proceed with the inclusion of the original certified ballot tallies of any towns whose ballots have been inadvertently destroyed. *Walker v. Mechem supra; Swift v. Registrars of Voters supra; see Thoms v. Andersen,* 235 N.W.2d 898 (S.D. 1975), *appeal after remand,* 244 N.W.2d 311 (S.D. 1976); *Conley v. Rice,* 252 Ky. 370, 67 S.W.2d 478 (1934). The question posed is in all respects answered in the affirmative.

FRANK R. KENISON
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH
MAURICE P. BOIS