Strafford
No. 96-771

MARY G. KIBBE

v.

TOWN OF MILTON & a.

September 18, 1997

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the plaintiff.

*McNeill & Taylor, P.A.*, of Dover (*Lynne M. Dennis* and *Malcolm R. McNeill, Jr.* on the brief, and *Mr. McNeill* orally), for the defendants.

BROCK, C.J. The Superior Court (*Fitzgerald*, J.) ruled that the use of stickers bearing a particular candidate's name as write-in votes in a town election did not invalidate the election of that candidate because the "clear intent of the voters" should prevail over a statute prohibiting the attachment of stickers to ballots. *See* RSA 659:65, II(b) (1996). The plaintiff, Mary G. Kibbe, an unsuccessful candidate in the election, appeals this ruling. We reverse and remand.

During a town election in the defendant Town of Milton (town) in March 1996, the plaintiff ran for the position of selectman. She and one other candidate, "Chip" Gehres, were the only two candidates for that position whose names appeared on the printed ballot. Just before the election, a third candidate, Joan Tasker Ball, entered the race by staging a write-in campaign. On election day, Ball distributed stickers to voters at the polls. Printed on the stickers was "Joan Tasker Ball" with an "X" to the right of the name to indicate a vote for Ball. The parties agree that the stickers fit precisely within the contours of the blank write-in space on the ballot. More than one hundred voters placed stickers in the write-in space provided on the ballot for the office of selectman. *See* RSA 669:23 (1996).

At some point during election day, a question was raised as to the legality of the sticker votes. Following advice from the town's attorney that the stickers were illegal under RSA 659:65, II(b), the election moderator declared the sticker votes invalid. Accordingly, when the votes for selectman were tallied, the sticker votes for Ball were not counted. The tally yielded the following results: 190 votes for the plaintiff, 174 votes for Gehres, and 107 handwritten write-in

votes for Ball. The moderator disallowed 113 sticker votes for Ball, and the plaintiff was declared the winner of the selectman race.

Upon Ball's request for a recount, *see* RSA 669:30 (1996), the defendant Town of Milton Board of Recount (board) met to decide whether to count the sticker votes. By a three-to-two vote, the board decided to count those stickers that were placed exactly in the write-in space for selectman, with an "X," either on the sticker or handwritten, appearing in the proper place to the right of the candidate's name. Following a recount, Ball was declared the winner with a total of 215 votes. The plaintiff, with a recount total of 191 votes, appealed to the superior court. *See* RSA 669:35 (1996).

After ordering the parties to submit statements of fact and memoranda of law, the superior court upheld the board's decision. The court found that the use of stickers was not in accordance with the exception provided in RSA 659:65, II(b). Nonetheless, the court found that the voters who placed stickers in the write-in spaces intended to vote for Ball, and that invalidating the sticker votes as defective under the statute would disenfranchise those voters. *See* N.H. CONST. pt. I, art. 11. In light of these findings, the court ruled that RSA 659:65, II(b) is only "directory in nature" in cases "where the clear intent of the voters is evident," and that, accordingly, the voters' intent to vote for Ball prevailed over the statute.

The plaintiff appeals, arguing that the superior court erred by ruling that the statute is "directory" in nature rather than mandatory, and that "the clear intent of the voters" is sufficient to override the express prohibitory language of the statute. The actual vote count is not in dispute; the parties agree that if the sticker votes are counted, Ball's election would stand, but if the sticker votes are invalidated as defective, the plaintiff would have a plurality of votes.

RSA 659:65, II provides: "A ballot shall be regarded as defective in part and that part shall not be tabulated if . . . (b) The ballot has attached to it an adhesive slip, sticker, or paster not prepared in accordance with RSA 656:21 in the space for any office, but the rest of the ballot admits to counting . . . ." RSA 656:21 (1996), in turn, authorizes the use of stickers by election officials, in the event of a candidate's death or disqualification after the ballot has been printed, to affix the name of a substitute candidate to the ballots prior to the election. The superior court found that the stickers distributed by Ball were not prepared in accordance with RSA 656:21.

As a preliminary matter, we address the defendants' suggestion that RSA 659:65, II(b) does not apply to town elections. RSA 669:25 (1996) provides that RSA chapters 658 and 659 apply in towns using

the official ballot system. Both the board and the superior court assumed, in rendering their respective decisions, that the statute applied. The defendants do not contend that the town has not adopted the official ballot system, *see* RSA 669:25, and we note that the election procedures used in this case were inconsistent with the unofficial ballot system, *cf.* RSA 669:55 (1996) (providing no names of candidates shall be printed on unofficial ballots). On appeal, the defendants contend that applying RSA 659:65, II(b) to town elections would create an inconsistency with RSA 669:22 (1996), which permits a town clerk to remove a withdrawn candidate's name from printed ballots using pasters. They argue that RSA 659:65, II(b) would render the ballots prepared pursuant to 669:22 defective because they were not prepared in accordance with 659:21, the only enumerated exception to 659:65, II(b).

■ We perceive no inconsistency in applying RSA 659:65, II(b) to town elections. RSA 669:22 and RSA 656:21 allow the use of stickers or pasters in essentially the same circumstances: in the event of the disqualification of a candidate due to "age, domicile, or incapacitating physical disability," RSA 655:38 (1996); RSA 669:22, or death, RSA 655:39 (1996); RSA 669:22. Furthermore, RSA 669:25 expressly provides that when RSA chapters 658 and 659 are applied to town elections, the town clerk shall perform duties delegated to the secretary of state under those chapters; RSA 656:21 therefore would allow the town clerk to authorize the use of pasters in the same general circumstances provided in RSA 669:22. Construing these provisions in this manner does not create an absurd result. *See O'Brien v. O'Brien*, 141 N.H. 435, 436, 684 A.2d 1352, 1353 (1996).

■ We turn now to the plaintiff's argument that the superior court erred in ruling that RSA 659:65, II(b) is directory, rather than mandatory, in nature. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Gisonni v. State Farm Mut. Auto. Ins. Co.*, 141 N.H. 518, 519, 687 A.2d 709, 709 (1996) (quotation omitted). We look first to the language of the statute, "and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994) (quotation omitted).

■ We conclude that the statute is mandatory. *But see Keene v. Gerry's Cash Mkt., Inc.*, 113 N.H. 165, 168, 304 A.2d 873, 875 (1973) (statutes regulating form of ballots generally are regarded as directory rather than mandatory). As the plaintiff points out, the

use of "shall" indicates the legislature's intent that the statute be mandatory. *See Wilkes v. Jackson*, 101 N.H. 420, 423, 145 A.2d 169, 170 (1958); *cf. In re Thomas M.*, 141 N.H. 55, 59, 676 A.2d 113, 116-17 (1996). Furthermore, by providing a specific remedy for the violation of RSA 659:65, II(b) — that the sticker vote "shall be regarded as defective" and "shall not be tabulated" — the legislature stated in the clearest possible terms its intent to ensure compliance with the statute's prohibition. *See Wilkes*, 101 N.H. at 423, 145 A.2d at 170; *cf.* 26 AM. JUR. 2D *Elections* § 370 (1996) (if statute specifies that violation will void ballot, statute is mandatory).

We turn next to the plaintiff's argument that the superior court erred in concluding that the voters' intent should prevail over the statute. The plaintiff initially contends that the superior court had insufficient evidence from which to conclude that voters who placed the stickers in the write-in space for selectman intended to cast their vote for Ball. This argument was not preserved for appeal, *see Appeal of Alton School Dist.*, 140 N.H. 303, 313, 666 A.2d 937, 944 (1995), and indeed appears to have been conceded by the plaintiff in the proceeding below. Accordingly, we proceed in reliance on the superior court's finding that "the clear intent of the voters" was evident.

■ We agree with the superior court's implicit conclusion that because the stickers distributed to voters by Ball were not prepared in accordance with RSA 656:21, the use of those stickers to write in votes violated RSA 659:65, II(b). The statute's terms are plain, and we will not look beyond them for further evidence of legislative intent. *See Appeal of Booker*, 139 N.H. 337, 341, 653 A.2d 1084, 1087 (1995). By its terms, the statute prohibits the attachment of stickers or other adhesives to the ballot as it was officially prepared. *See* RSA 659:65, II(b). Accordingly, we are not swayed by the defendants' contention that the statute is intended only to prevent pre-election ballot tampering by election officials and does not contemplate the use of stickers by voters as a method of casting write-in votes.

■ In cases involving the violation of an election law, we inquire whether there was substantial compliance with the statute. *See, e.g., Bridgham v. Keene*, 112 N.H. 84, 86, 289 A.2d 392, 393-94 (1972). When the violation consists of a minor deviation from the statutory requirements, we may find substantial compliance, and in such a case we will not invalidate a vote if the voter's intent is clearly evident. *See id.; cf. Opinion of the Justices*, 114 N.H. 784, 786, 330

A.2d 774, 775 (1974) (strict compliance with technical form of vote must yield to recognition of voter's indication of intent). We apply the doctrine of substantial compliance to effectuate our long-standing rule that statutes regulating the form of ballots or votes "should not be applied to disenfranchise voters because of technical irregularities." *Opinion of the Justices,* 114 N.H. at 786, 330 A.2d at 776; *see* N.H. CONST. pt. I, art. 11.

 Application of this doctrine is limited, however, to situations in which the defect or deviation is minor in nature. *See Barcomb v. Herman,* 116 N.H. 318, 320, 358 A.2d 400, 402 (1976). This is not such a case. Here, there was no substantial compliance; the statute clearly proscribes the use of stickers except by election officials in specifically enumerated circumstances. The use of stickers in this case was neither a minor deviation nor a technical irregularity. *Cf. Bridgham,* 112 N.H. at 86, 289 A.2d at 393-94. Nor is it evident that either Ball or the voters intended to comply with the statute. *See Attorney-General v. Duncan,* 76 N.H. 11, 13, 78 A. 925, 926 (1911) (Walker, J.). Indeed, the plain language of RSA 659:65, II(b) is more than sufficient to warn candidates and voters that sticker votes will not be counted. Thus, this is not a case in which a voter could have thought he or she was voting in compliance with the statute. *Cf. Duncan,* 76 N.H. at 13, 78 A. at 926. Because there was no substantial compliance with the statute in this case, we are not at liberty to give controlling effect to the voters' intent. Even when the voters' intent is clear, if the means they employed to indicate their vote does not substantially comply with the applicable statute, "their attempt to vote . . . is a failure." *Id.; see also State ex rel. Browne v. District Ct. of Third J. Dist., etc.,* 539 P.2d 1182, 1185 (Mont. 1975).

The defendants argue that application of the statute in this case would impermissibly disenfranchise the voters who used stickers to cast their votes for Ball. This argument is unavailing. The right to vote is cherished and protected by our State Constitution. *See* N.H. CONST. pt. I, art. 11. Recognizing that "[t]he object of election laws is to secure the rights of duly qualified voters, and not to defeat them," *Opinion of the Justices,* 116 N.H. 756, 759, 367 A.2d 209, 210 (1976) (quotation omitted), we strive, in resolving election disputes, to ascertain the *legally* expressed choice of the voters and avoid deciding cases on unwarranted technicalities. *See id.* As noted above, we employ the doctrine of substantial compliance to effectuate these goals. At the same time, we have long recognized that the legislature is entitled to regulate the time, place, and manner of

elections in New Hampshire, *see Murchie v. Clifford,* 76 N.H. 99, 101, 79 A. 901, 902 (1911), and we enforce such regulations when they are reasonable. *See Wilkes,* 101 N.H. at 422-23, 145 A.2d at 170.

■■ As applied in this case, RSA 659:65, II(b) regulates the manner by which a voter may *not* express his or her vote. *Cf. Opinion of the Justices,* 114 N.H. at 786, 330 A.2d at 775 (noting that prior election statutes afforded citizens several ways to express preference by ballot). This is not, despite the defendants' contention to the contrary, an unreasonable restriction on the voters' right to cast a write-in vote for the candidate of their choice. The legislature has the authority to prescribe the manner by which a voter may express his or her vote. *See Murchie,* 76 N.H. at 104, 79 A. at 903. Because the sticker votes in this case were not cast in a manner permitted by, or in substantial compliance with, the statute, they did not constitute the legally expressed choice of the voters, *cf. Opinion of the Justices,* 116 N.H. at 759, 367 A.2d at 210, and thus we do not now inquire into the voters' intent, *cf. Murchie,* 76 N.H. at 105, 79 A. at 903-04. Notably, a majority of this court has upheld the invalidation of sticker votes pursuant to a statute less clearly prohibitory than RSA 659:65, II(b), concluding that the statute mandated that stickers should not be counted, notwithstanding the intent of the voters. *See Duncan,* 76 N.H. at 16-17, 78 A. at 928 (Parsons, C.J.). We conclude that RSA 659:65, II(b)'s provision that sticker votes "shall not be tabulated" is a reasonable exercise of legislative authority, and thus does not impermissibly disenfranchise the voters in this case.

Accordingly, we defer to the legislature's determination that the attachment of stickers to ballots should be prohibited. *Cf. Opinion of the Justices (Furlough),* 135 N.H. 625, 634-35, 609 A.2d 1204, 1210 (1992) (noting that courts typically defer to legislative judgment as to necessity and reasonableness of particular measures). Recognizing that the use of stickers has been both "lauded for facilitating voting and denounced as conducive to fraud and confusion," we are convinced that "[t]he propriety of stickers is a matter for legislative, not judicial[,] determination." *Allen v. State Board of Elections,* 268 F. Supp. 218, 220 (E.D. Va. 1967), *vacated on other grounds,* 393 U.S. 544 (1968). Pursuant to RSA 659:65, II(b), the sticker votes should not have been counted. If the statute is to achieve a more liberal result in a case such as this, where the equities appear to weigh heavily in favor of the voters, this must be accomplished by legislative action and not by judicial decree. *See Wilkes,* 101 N.H. at 423, 145 A.2d at 170-71; *see also Colby v. Fuller,* 96 N.H. 323, 326,

76 A.2d 509, 511-12 (1950). The decision of the superior court is reversed, and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.