Grafton
No. 2006-542

JOHN J. BABIARZ

v.

TOWN OF GRAFTON

Submitted: May 23, 2007
Opinion Issued: July 20, 2007

John J. Babiarz, by brief, *pro se.*

*Mitchell & Bates, P.A.,* of Laconia (*Walter L. Mitchell* and *Laura A. Spector* on the brief), for the defendant.

DUGGAN, J. The plaintiff, John J. Babiarz, appeals an order of the Superior Court (*Burling,* J.), dismissing his petition for injunctive relief against the defendant, the Town of Grafton (Town). The court ruled that the plaintiff did not have standing to pursue a claim under RSA 669:35 (1996). We affirm.

*I. Background*

The superior court found the following facts. On March 14, 2006, the Town held its annual town meeting during which citizens, including the plaintiff, cast votes on various warrant articles and in an election for planning board members. At some point after the voting concluded, the Town discovered that an error had occurred, resulting in forty-seven ballots being counted twice. Thus, a recount was held on March 25, 2006.

In connection with the recount, the ballots cast the night of the town meeting were placed first into the machine used to count them on that

night, and then into a second machine that was used to ascertain whether the first had been working properly. After it was determined that the first machine was working properly, a hand recount was undertaken for contests in which the margin of victory was less than ten percent, including a race for a seat on the planning board and the vote on warrant article 22, a proposed appropriation to purchase a new compactor for the Town's recycling center. The hand recount was deemed the official result for purposes of the planning board election and article 22. For the remaining contests, the machine tabulations from March 14th stood as the official results.

Dissatisfied with the results for the planning board election and article 22, the plaintiff filed a petition for injunctive relief in superior court pursuant to RSA 669:35, seeking to have the court order the Town to use the machine count from the night of the town meeting as the official tally, instead of the hand recount from March 25th. He also asked the court to enjoin the declared winner of the planning board election from being sworn into office. The superior court dismissed the petition, holding that the plaintiff lacked standing to pursue it since he was not a "person aggrieved" within the meaning of RSA 669:35. This appeal followed.

Citing the State and Federal Constitutions, the plaintiff contends that the phrase "person aggrieved" should be construed broadly to include him because he "has shown an interest in and pays taxes towards the results of [the town meeting, and is] subject to decisions made by elected officials who participated in or were elected at the annual meeting." The Town counters that the defendant is not a "person aggrieved" because he has not established that his alleged injury from the recount is any different from that of any other voter in the town.

*II. Discussion*

Generally, election contests are based upon statutory—not common law—rights and privileges. 6 ANTIEAU ON LOCAL GOVERNMENT LAW § 86.20[2], at 86-124 (S. Stevenson, ed., 2d ed., 2007) ("Individuals are generally denied the right to contest local government elections unless they can show a statute conferring upon them the right of contest. Persons attacking local elections must ordinarily bring themselves clearly within the terms of such a statute."). Thus, the language of the statute creating the right to contest the recount—RSA 669:35—is critical. In the absence of a statutory provision to the contrary, "a voter or elector who is not a candidate may not maintain an election contest." 29 C.J.S. *Elections* § 436, at 409 (2005).

RSA 669:35 provides:

> Any person aggrieved by a ruling of the board of recount with respect to any ballot may, within 5 days thereafter, appeal to the superior court for the county in which such town is located; and such court shall have jurisdiction in equity to hear and determine the question presented.

The interpretation and application of statutes present questions of law, which we review *de novo*. *Town of Hinsdale v. Town of Chesterfield*, 153 N.H. 70, 72 (2005). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Appeal of Town of Bethlehem*, 154 N.H. 314, 319 (2006). We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

The plain language of RSA 669:35 supports the superior court's ruling that a plaintiff must have "a sufficient interest in the outcome of the vote" in order to have standing. RSA 669:35 does not say that any candidate, voter or taxpayer may appeal to the superior court. *See, e.g.*, Fla. Stat. Ann. § 102.168 (LexisNexis 2006) (An election "may be contested in the circuit court by any unsuccessful candidate . . . or by any elector qualified to vote in the election . . . or by any taxpayer, respectively."). Nor does it say that only candidates may bring challenges. *See, e.g.*, RSA 669:30 (1996) ("Any person for whom a vote was cast and recorded for any office . . . may . . . apply in writing to the town clerk for a recount of the ballots cast for such office . . . ."); RSA 660:1 (1996) ("candidate" in state general election may apply for recount); *see also Marden v. City of Waterville*, 226 A.2d 369, 370 (Me. 1967) (quoting statute as saying that "[A] person who claims to have been elected to any municipal office may proceed against another who claims title to the office within 15 days after election day . . . ."). Nor does it say that only voters may bring challenges. *Cf.* RSA 660:10 (1996) (allowing voters to petition for recount on questions involving constitutional amendments); RSA 660:12 (Supp. 2006) (allowing voters to petition for recount on county referenda); RSA 660:13 (1996) (allowing voters to petition for recount of local questions); RSA 40:4-c (2000) (allowing "any 10 voters" to apply for a recount). Instead, RSA 669:35 provides that "[a]ny person aggrieved" may contest a recount in superior court.

Our legislature could easily have conferred the right to challenge a recount in superior court upon either "taxpayers," "voters," "candidates" or "electors" (or any combination thereof) by simply using any of those

words. Since it did not, we conclude that by using the phrase "person aggrieved," the legislature granted "the right [to bring a recount contest in superior court] to candidates *or* to persons having or claiming in the election an interest which is special or superior to that of a mere [voter] or member of the public." 29 C.J.S. *Elections* § 436, at 409 (emphasis added). Such persons would be "aggrieved." If the legislature intended, as the plaintiff appears to argue it did, to allow any voter, taxpayer or candidate to bring a contest regardless of whether he or she had any special or superior interest in the election, then it would not have inserted the word "aggrieved" into the statute. *See Binda v. Royal Ins. Co.*, 144 N.H. 613, 616 (2000) (legislature is presumed not to have used superfluous words).

Interpreting RSA 669:35 to require that a "person aggrieved" have a special or superior interest in the election is not inconsistent with our previous decisions in the election recount context. For example, in *Nickerson v. Aimo,* 110 N.H. 348, 349 (1970), a candidate for selectman in Goffstown lost the election after a recount. He then appealed to the superior court under RSA 59:113, the predecessor to RSA 669:35. *Id.* We held that since the plaintiff was a candidate in the election and challenged the legality of all ballots cast, he "qualifie[d] as a person aggrieved by a ruling of the Board of Recount under RSA 59:113." *Id.* In *Kibbe v. Town of Milton*, 142 N.H. 288, 290 (1997), a candidate for selectman in the Town of Milton lost an election as a result of a recount. She appealed the outcome of the recount to the superior court pursuant to RSA 669:35. *Id.* Although her standing to contest the matter in superior court was not challenged on appeal, it cannot seriously be questioned. In both cases, there can be little doubt that a losing candidate would be directly affected by the outcome of an election and would have a special interest that could be injured. Therefore, he or she would easily qualify as a "person aggrieved" by a decision of the board of recount.

It also bears noting that our reasoning is consistent with our interpretation of the phrase "person aggrieved" in other contexts. For example, in the context of RSA 676:5, I (1996), which addresses standing to appeal to a local zoning board of adjustment, we have held that "[t]o demonstrate that he [or she] is . . . aggrieved, [a person] must show some direct definite interest in the outcome of the proceedings. Standing will not be extended to all persons in the community who might feel that they are hurt by a local administrator's decision." *Goldstein v. Town of Bedford,* 154 N.H. 393, 395 (2006) (quotations and brackets omitted).

We have also construed "person aggrieved" in the context of RSA 76:16-a, the tax abatement statute. Although the plaintiff argues that "person aggrieved," as used in that statute, "is so broad that it covers any taxpayer whether that taxpayer is a resident or not as long as they [*sic*] have an

interest in property within the boundaries of the municipality," his position is incorrect. A taxpayer must be "personally aggrieved" by a tax in order to receive an abatement. *Barksdale v. Town of Epsom*, 136 N.H. 511, 514 (1992); *accord Cassube v. Maynard*, 112 N.H. 229, 231 (1972) ("[T]he legislature, for reasons considered sufficient, has not given to city officials or to other taxpayers the right to appeal or to contest by other means the administrative decision of the tax commission granting an abatement to a particular taxpayer." (quotation and ellipses omitted)). The upshot of *Goldberg, Barksdale, Cassube* and similar cases is that, consistent with our holding today, the "person aggrieved" must have sustained a direct injury that somehow differentiates him or her from other members of the community. Here, the plaintiff did not.

Before concluding, we address the plaintiff's constitutional arguments. The plaintiff contends, in passing, that if he is denied standing to pursue relief under RSA 669:35, his rights under unspecified provisions of the Federal Constitution and Part I, Articles 11 and 14 of the State Constitution will be violated. Since the defendant has neither specified any portion of the Federal Constitution that he contends has been violated, nor offered a fully developed legal argument citing federal constitutional authority in support of his position, we decline to analyze his assertions under the Federal Constitution. *See State v. Chick*, 141 N.H. 503, 504 (1996) (passing reference to constitutional claim renders argument waived). The plaintiff's state constitutional argument is likewise undeveloped, and therefore we refrain from addressing it. *See In the Matter of Thayer and Thayer*, 146 N.H. 342, 347 (2001); *Keenan v. Fearon*, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

*III. Conclusion*

In conclusion, the plaintiff in the instant case was a town meeting participant, voter, and taxpayer, but he was not a candidate for the planning board and has pointed to nothing in the record indicating that he had any other special or superior interest in the election. Therefore, the superior court correctly determined that he did not have standing to pursue his challenge under RSA 669:35.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.