## A. M. RICHARDS BUILDING MOVING COMPANY vs. BOSTON ELECTRIC LIGHT COMPANY.

Suffolk. January 17, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Electric Light Companies. Wires.*

Pub. Sts. c. 109, § 17, permitting, after a required notice, the cutting of telegraph and telephone wires in order to move a building or for any necessary purpose, was extended by St. 1883, c. 221, so as to give the same rights in regard to electric light wires. See now R. L. c. 122, § 28.

CONTRACT for $150 deposited by the plaintiff with the defendant to cover the cost incurred by the defendant in cutting, removing and replacing the electric light wires of the defendant in a certain part of A Street in that part of Boston called South Boston, for the purpose of allowing the plaintiff to move a building through that street under a permit obtained from the proper authorities of the city of Boston. Writ dated May 18, 1899.

In the Superior Court the case was tried before *Hardy, J.*,

without a jury. It appeared that the defendant had refused to turn off its electric current in order that the plaintiff might cut the wires, and by agreement the money was deposited to cover the cost of the cutting of the wires by the defendant, with the stipulation that the money should be returned if under the circumstances the plaintiff had the right to cut the wires, and that if the plaintiff had no right to cut the wires the defendant should be allowed a reasonable conpensation for the cutting.

At the close of the evidence the defendant requested the judge to rule: 1. That upon all the evidence the plaintiff cannot recover, and 2. That Pub. Sts. c. 109, § 17, as extended by the St. 1883, c. 221, does not apply to electric light companies.

The judge refused to rule as requested. He found for the plaintiff, and assessed damages in the sum of $195.20. The defendant alleged exceptions.

*J. Gordon*, for the defendant.

*T. H. Buttimer*, (*A. L. Richards* with him,) for the plaintiff.

LATHROP, J. The only question in this case which has been argued is whether the Pub. Sts. c. 109, § 17, as extended by the St. of 1883, c. 221, applies to electric light companies, and we are of opinion that it does.

The Pub. Sts. c. 109, applies only to the transmission of intelligence by electricity ; and § 17 reads as follows: " Whoever in order to move a building or for any necessary purpose desires to cut, disconnect, or remove the wires of any such company, may do so, exercising reasonable care, if he has first left a written statement signed by him, of the time when and the place described by reference to the crossings of streets or highways where he wishes to remove said wires, at the office of the company in the town where such place is situated, twenty-four hours before the time so stated, or, when there is no such office, if he has deposited such statement in the post-office, properly prepaid and directed to the company at its office nearest to said place, three days before the time mentioned in said statement." This section goes back to the St. of 1869, c. 141, § 1.

The St. of 1883, c. 221, § 1, reads as follows : " All provisions of law granting to persons and corporations authority to erect, lay and maintain and to cities and towns authority to regulate telegraph and telephone lines, except " §§ 16 and 18 of c. 109 of

the Pub. Sts., "shall, so far as applicable, apply to lines for the transmission of electricity for the purpose of lighting."

The St. of 1895, c. 350, § 1, reads as follows: "All provisions of law granting to persons and corporations authority to erect, lay and maintain, and to cities and towns authority to regulate telegraph, telephone and electric light lines shall, so far as applicable, apply to lines for the transmission of electricity for the purposes of heating or power, except lines for heat or power used by street railway companies. And the provisions of" the St. of 1887, c. 382, "and of acts in amendment thereof and in addition thereto are hereby extended to such lines for heating and power, except lines for heat or power used by street railway companies."

All of these statutes were in force when the occurrence happened referred to in the bill of exceptions.

The right granted by the Pub. Sts. c. 109, was by § 2 expressly made subject to the provision that the company should not "incommode the public use of highways or public roads." The moving of a building, when permission is obtained from the proper authorities, is a use of the highway recognized by § 17; and the granting of the right to maintain such lines was subject to the public use of the highway for other purposes, and subject to the right to have the lines or wires cut as provided in § 17. The St. of 1883 and the St. of 1895, making the provisions of law for maintaining telephone and telegraph lines applicable to lines for the conduct of electricity for the purposes of lighting, heating or power, in our judgment make them subject to the provisions of the Pub. Sts. c. 109, §§ 2, 17, as both sections relate to the maintaining of such lines. The plaintiff, therefore, having obtained permission from the local authorities, and having given the proper notice, had the right to cut the wires.

The view taken by us is the view taken by the commissioners for consolidating the Public Statutes. See Report of Commissioners, c. 122, and notes. And it is the law to-day. R. L. c. 122, § 28. The words "any such company" refer to any company mentioned in § 1.

The defendant relies upon a remark of Chief Justice Field in *Hector* v. *Boston Electric Light Co.* 161 Mass. 558, as to the effect of the St. of 1883, c. 221, on the Pub. Sts. c. 109, § 12. The remark however does not apply to § 17. *Exceptions overruled.*