WALTER E. STICKNEY & a. v. SALEM & a.

*Leonard & Leonard, Albert Terrien* and *Richard M. Ryan (Mr. Ryan* orally), for the plaintiffs.

*John W. Perkins* and *Everett P. Holland (Mr. Perkins* orally), for the defendants.

LAMPRON, J. It is true that the prayer of plaintiffs' petition seeks to have all business done and all votes taken at the meeting in question rejected and declared null and void in addition to having the election then held declared illegal. However, because of the allegations therein made and of the specifications filed in clarification thereof their petition can fairly and properly be interpreted as being merely a proceeding to determine the right to hold office of the persons elected at said annual meeting. In that case the petition was properly dismissed because there is an adequate remedy at law to

accomplish this purpose, viz: *quo warranto*. *Stearns* v. *O'Dowd*, 78 N. H. 358; *Attorney General* v. *Gates*, 80 N. H. 280; *Attorney General* v. *Caldwell*, 92 N. H. 216.

The plaintiff maintains, however, that the matter in issue is the proper method of conducting the election in question and not the right of any individual to hold a public office. They contend that there is no special tribunal created by statute to which they can resort for an adjudication of the validity of this election, their only remedy being a resort to the general equitable jurisdiction. A short answer to this contention is that there is no inherent power in courts of equity to determine the validity of an election because equity very seldom deals with political matters. *Fortin* v. *Sullivan, ante,* 320; *Soper* v. *Jones,* 171 Md. 643; *Johnson* v. *Stevenson,* 170 F. (2d) 108, cert. denied, 336 U. S. 904; *Evans* v. *Charles,* 56 S. E. (2d) 880 (W. Va. 1949); 29 C. J. S. 355; 18 Am. Jur. 359, 387; 4 Pom., Eq. Jur. (4th *ed.*) 4068, 4074. A candidate can secure redress from irregularities at an election by a recount under R. L., *c.* 34, *ss.* 96–101, as well as by *quo warranto* through the Attorney General. *Meehan* v. *Bachelder,* 73 N. H. 113. He along with the general public is protected from the official misconduct of any election official by R. L., *c.* 34, *s.* 86.

Taking the allegations made by the plaintiffs as true their petition did not entitle them to relief sought. The order must therefore be,

*Exception overruled.*

All concurred.