318

CHARLES K. HAMBLETT & a. v. NASHUA & a.

Argued November 4, 1959.

Decided December 1, 1959.

*Hamblett, Kerrigan & Hamblett* (*Mr. Kerrigan* orally), for the plaintiffs.

*Morris D. Stein* (by brief and orally), for the defendants Carlo and Maria Sottile.

*Leo R. Lesieur,* city solicitor, furnished no brief.

WHEELER, J. The scope of review on appeal to the Superior Court in zoning cases is governed by RSA 31:78. "[This] statute provides that upon appeal all questions of fact determined by the board of adjustment shall be deemed to be prima facie lawful and reasonable, but permits the board's decision to be set aside or vacated for errors of law, or when the court is 'persuaded by the balance of probabilities, on the evidence before it, that said . . . decision is unjust or unreasonable.'" *Perron* v. *Concord*, 102 N. H. 32, 34.

The question presented is whether the applicants for a variance, defendants Sottile, met the requirements of section 45 (5) of the Nashua zoning ordinance, which provides as follows: "Any application for a variance in the use of land or a structure shall be accompanied by the written consent of the owners (as of record at the Assessor's Office and the City Engineer's Office) of sixty (60) per cent of all real property situated within two hundred (200) feet of any of the boundaries of the lot for which the use variance is sought."

The original petition on its face indicated that the owners of more than sixty per cent of all real estate situated within two hundred feet of the boundaries of petitioners' property were in favor of the proposed variance. Prior to hearing six property owners, who originally assented to the petition, withdrew their consent. It later appeared that a number of other lots were owned by two persons and consent for the proposed variance was obtained from only one co-owner. If these latter lots are combined with the area owned by those who never consented, the total will exceed forty per cent of the abutting land area, and obviously the necessary sixty per cent requirement cannot be met.

The case therefore turns on whether the board of adjustment committed errors of law in granting the variance.

The Court below ruled that the board of aldermen intended that the written consent should be an essential requirement of the granting of a variance and further ruled that such requirement is not one of form but of substance and cannot be waived.

It is argued that the consent provision in the ordinance is ambiguous and open to strong conjecture as to whether the sixty per cent requirement means the owners of the fee in number, by land area, or by assessed valuation. While the ordinance is susceptible of other interpretations, in the absence of further definitive language, we are of the view that the words " . . . consent of the

owners . . . of sixty (60) per cent of all real property . . . " means the owners of sixty per cent of the land area.

The Court ruled that the consent of one co-owner to such a petition cannot bind the other. It is generally held that the consent of one co-owner cannot bind another without proof of authority. 86 C. J. S. 515; *cf. Allen* v. *Woodward*, 22 N. H. 544. The Court, therefore, properly ruled that the assent of one co-owner cannot be counted as a consent for such property to the variance.

It is unnecessary to decide whether a petitioner who originally consents to a variance can withdraw such consent prior to hearing. This is so because if all of the area of such lots owned by those who withdrew their consent remained with the consenting group, the defendants would still lack the consent of the owners of sixty per cent of all real property within a distance of two hundred feet.

*Exceptions overruled; order of board vacated.*

All concurred.