Cheshire,
Nos. 5958 and 5958a.

BERNIE PIERCE

*v.*

COURTNEY LANGDON, *& a.*

ATTORNEY GENERAL *ex rel* PIERCE

*v.*

COURTNEY LANGDON, *& a.*

March 4, 1970.

*Goodnow, Arwe & Ayer* and *William N. Prigge* ( *Mr. Prigge* orally ), for the plaintiff.

*James S. Davis* orally, for the town of Nelson, filed no brief.

GRIMES, J. This is an information in the nature of a quo warranto and a bill in equity to try the title to the office of selectman for the town of Nelson now held by defendant Langdon following the declaration of the moderator at the town meeting on March 11, 1969 and to have plaintiff declared to have been elected.

Plaintiff and the defendant were the only candidates for the office of selectman. On the first ballot 111 votes were cast. Plaintiff received 56 votes and the defendant received 55 votes. The moderator declared no winners stating that 57 votes were required for election. On the next ballot 113 votes were cast of which plaintiff received 57 and the defendant 56. The moderator declared no winner stating that 58 votes were required for election. On the third ballot defendant received 57 votes out of 113 cast and plaintiff received 56. Again the moderator announced no winner. On the fourth ballot defendant received 61 votes out of 117 cast and was declared elected over plaintiff who received 56 votes. It is agreed that no protest was made at the meeting regarding the rulings of the moderator.

The election was conducted by unofficial ballot and was governed by RSA 61:8 which provides in part that "[N]o person shall be declared elected to any office who shall not have received a majority of the whole number of tickets given in for such office . . . ." *See also,* RSA 61:5.

We hold that the plaintiff was elected on the first ballot, having received a majority of the whole number of the votes cast or more than half the tickets given in for such office. *Pollard* v. *Gregg,* 77 N. H. 190, 90 A. 176; *Attorney General ex rel Holden* v. *Colburn,* 62 N. H. 70; *Attorney General* v. *Shepard,* 62 N. H. 383; *Opinion of the Justices,* 98 N. H. 530, 98 A.2d 635.

Although a moderator has broad powers under RSA 40:4 to decide questions of order and prescribe rules of proceeding, in counting votes he acts only in a ministerial capacity. *See Attorney General ex rel. Holden* v. *Colburn, supra; Attorney General ex rel. Pearson* v. *Folsom,* 69 N. H. 556, 45 A.410.

The provisions of RSA 40:5 requiring a challenge of the vote declared by the moderator to be made immediately and before any other business is transacted applies to a dispute over the count when the vote is not by ballot but do not apply to this case.

Quo warranto is a proper method of testing the right to a public office. *Stickney* v. *Salem,* 96 N. H. 500, 78 A.2d 921; *Attorney General ex rel. Libbey* v. *Megin,* 63 N. H. 378; *Opinion of the Justices,* 104 N. H. 342, 186 A.2d 579. Since this provides an adequate remedy for the plaintiff his bill in equity can be dismissed.

The defendant Courtney Langdon is therefore removed from

office, and possession thereof is granted to the relator, since Pierce and not Langdon was elected. Any business transacted on behalf of the town by the defendant is valid and unaffected by this order. *Attorney General ex rel. Libbey* v. *Megin, supra.*

*Judgment for the relator in 5958a.*
*Bill dismissed in 5958.*

All concurred.