WALLACE L. TRUMPER & another *vs.* CITY OF QUINCY.

Suffolk.   October 8, 1970. — December 7, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ.

*Zoning,* Amendment of by-law or ordinance.  *Constitutional Law,* Zoning,
Delegation of powers, Equal protection of laws.

The provision of G. L. c. 40A, § 7, that in a city having a city council
consisting of nine or more members no change of any zoning ordinance
shall be adopted over the written protest of the owners of twenty per
cent or more of the affected land, filed before the council's hearing on
a proposed change, except by a three-fourths vote of all the members
of the council, is not unconstitutional as an improper delegation of
legislative power to private individuals, or as depriving proponents
of a change of equal protection of the laws, and is not invalid as un-
related to the public welfare or as deficient in not defining standards
for the protesters or the city council.

PETITION filed in the Land Court on May 23, 1968.

The case was heard by *Hettrick,* J.

*William J. Cantelmo* for the interveners Lawrence Howe
& another.

*Stephen T. Keefe, Jr.,* for the petitioners.

REARDON, J.   The petitioners sought under G. L. c. 240,
§ 14A, and c. 185, § 1 (j ½), to have an order of the city of
Quincy rezoning a district declared null and void.   The ap-
pellants, like the petitioners owners of land in the district,
are interveners.   The judge of the Land Court filed a de-
cision holding the order in question invalid because of the
failure of the city council to comply with G. L. c. 40A, § 7.
The interveners argue to us on appeal that § 7, although
concededly applicable and not complied with in this in-
stance, is unconstitutional.

The facts were agreed and are incorporated in the de-
cision of the Land Court.   In brief, it appears that some-
time prior to September 20, 1967, a petition was filed in
the city council of Quincy seeking rezoning from residence
"C" to residence "B" of an area in which the petitioners'

land lay. On October 5, 1967, the planning board of Quincy held a public hearing on the petition, prior to which the petitioners here had filed a written protest signed by owners of more than twenty per cent of the area affected by the proposed zoning change. Thereupon another public hearing was held by the city council to consider the proposed change, before which the petitioners, with others, had filed a second written protest with the city clerk. The then current term of the city council expired on December 31, 1967, before any vote on the change had been taken. On January 22, 1968, without holding further hearings, a new council took office and voted on the change. Six members were in favor and three were opposed. In response to a question raised at that time, the city solicitor advised the city council president that "seven votes in favor would be required in order to pass the proposed ordinance change." The president of the city council indicated, however, that they were not "bound to accept the ruling of the city solicitor," and declared that the proposed change had passed under date of January 22, 1968.

The city solicitor was right. The appellants challenge that portion of c. 40A, § 7, which provides that no change of any zoning ordinance shall be adopted over the written protest of the owners of twenty per cent of the affected land except by a three-quarters vote of the city council, if that body consists of nine or more members. The city council of Quincy has nine members. Similar statutes providing for a greater than majority vote of the appropriate governing body in order to override a protest of a given per cent of the affected landowners to a proposed zoning change exist in many states. McQuillin, Municipal Corporations (3d ed.) §§ 25.244, 25.248. 101 C. J. S., Zoning, §§ 114, 122.

Statutes comparable to G. L. c. 40A, § 7, have been uniformly upheld against frequent attack on all the grounds advanced by the interveners.

1. The first argument of the interveners, that § 7 is an improper delegation of legislative power to private individuals, was treated and refuted in a New Jersey case in-

volving a similar statute. The court noted that the statute did not give the protesters legislative power but rather allowed them merely to exercise "the inherent right of the people to petition their government for redress of grievances. . . . The statute does not prevent the governing body from amending its ordinance. It merely requires a percentage of vote greater than the usual majority where a proper protest has been filed. That the municipality should exercise extra diligence when it is making important changes in the property rights of citizens who object is obvious, and the Legislature has rightly exercised its discretion in predetermining the precise degree of extra diligence those citizens will be guaranteed. This is in conformity with recognized legislative powers." *Farmer* v. *Meeker*, 63 N. J. Super. 56, 64–65. To the same effect are *Bredberg* v. *Wheaton*, 24 Ill. 2d 612, 620–621, *Koppel* v. *Fairway*, 189 Kans. 710, 713, *Northwood Properties Co.* v. *Royal Oak City Inspector*, 325 Mich. 419, 424, *Fortieth St. & Park Ave. Inc.* v. *Walker*, 133 Misc. (N. Y.) 907, 909, and *Women's Kansas City St. Andrew Soc.* v. *Kansas City, Mo.* 54 F. 2d 1071, 1074 (W. D. Mo.), rev'd on other grounds, 58 F. 2d 593 (8th Cir.).

2. The interveners argue that § 7 deprives those in favor of the proposal of equal protection of the laws because no provision exists for those in favor to file a document comparable to the protest. However, the protest must be filed before the hearing by the city council or committee thereof on a proposed change in order to bring the stricter voting requirements into effect. Notice is thus afforded to those favoring the proposal of the fact of opposition, and opportunity is given for them to present their side of the case at the hearing. An argument based on the equal protection clause similar to that of the interveners was rejected in the *Farmer* case, *supra.*

3. We do not agree with the interveners' argument that § 7 is unrelated to the public welfare. See *Farmer* v. *Meeker, supra; Fortieth St. & Park Ave. Inc.* v. *Walker, supra.* There is nothing unreasonable or arbitrary in grant-

ing owners of land affected by a proposed zoning change some leverage in the adoption or rejection of the proposal, nor is § 7 deficient in not defining standards for the protesters or the city council. These are amply stated in §§ 2 and 3 of c. 40A.

4. The final argument of the interveners, that § 7 is superfluous, is without substance.

*Decision affirmed.*