Hillsborough,
No. 6398.

ALTON L. DROWN & *a. v.* TOWN OF HUDSON.

TARIKO, INC. *v.* TOWN OF HUDSON.

November 3, 1972.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for plaintiffs Alton L. Drown, Frances S. Drown, and Effie May Winn.

*Barry L. Cerier,* by brief and orally, for plaintiff Tariko, Inc.

*McLane, Carleton, Graf, Greene & Brown* and *Peter B. Rotch* (*Mr. Rotch* orally) for the defendant, town of Hudson.

GRIMES, J. By petition for declaratory judgment, the plaintiffs challenge the applicability to their land of an amendment to the zoning ordinance increasing the minimum lot size, purported to have been adopted after plaintiffs had laid out and established lots, streets, sewer, gas and water services in accordance with the then existing ordinance. The Trial Court (*Loughlin,* J.) transferred without ruling on an agreed statement of facts these questions of law.

Plaintiffs are owners of land located in a residential zone in Hudson. Sometime before the March 1970 town meeting, plaintiffs' plans laying out their land in accordance with existing zoning requirements had been approved by the town. Plaintiffs Drown *et al.* had laid out the lots on the ground

with corner bounds, had constructed and fully paved the streets, and had installed sewer, gas, and water lines with "stubs" at each lot. Plaintiff Tariko had also laid out its lots on the ground, had cut the streets which have been bonded to the town with a mortgage to insure paving, and had also installed gas and water lines with stubs at each lot.

Prior to the 1970 town meeting, a proposal to amend the zoning ordinance to increase the minimum lot size had been disapproved by the planning board but appeared nevertheless in the warrant for the town meeting. On March 9, the day before the town meeting, a petition protesting the amendment, purportedly signed by owners of more than twenty percent of the area of the lots included in the area to be rezoned, was presented to the selectmen. For the purposes of the agreed statement of facts, it was assumed that this petition complied with RSA 31:64 which would require a two-thirds vote of those present to adopt the amendment. At the meeting, the vote was 1005 in favor and 924 opposed, thus failing to be favored by two-thirds of those present. The moderator, however, declared that the amendment had passed and was in effect in accordance with the law.

Plaintiffs Drown *et al.* petitioned for a variance which was denied, and plaintiffs filed a request for rehearing which is pending before the board. Tariko, Inc., also requested a variance which was denied as was its request for a rehearing. Its appeal is now pending in the superior court.

Laws 1970, chapter 70, enacted on May 4, 1970, states: "The votes and proceedings at the annual town meeting on March 10, 1970, in the town of Hudson are hereby legalized, ratified, and confirmed."

Three questions were transferred by the trial court. The first is whether the ordinance amendment was validly enacted in view of the enactment of Laws 1970, 70:1, the second is whether the ordinance, if validly enacted, can be applicable to those lots of plaintiff which were subdivided before March 10, 1970, and which face on actual streets accepted by the town and serviced by sewer and water lines, and the third is whether plaintiffs by requesting a variance have waived their right to question the validity of the enactment of the amendment.

There is no dispute that the amendment failed of passage because it did not receive the vote required by RSA 31:64. Therefore the declaration of the moderator that the amendment was enacted had no legal effect and the town does not argue that it has. *Pierce* v. *Langdon,* 110 N.H. 170, 262 A.2d 609 (1970).

Laws 1970, 70:1 "legalized, ratified and confirmed" the "votes and proceedings" of the town meeting. This language would be effective to cure certain defects and irregularities which might otherwise have invalidated the votes and proceedings. *See Eastman* v. *McCarten,* 70 N.H. 23, 45 A. 1081 (1899); *Exeter* v. *Kenick,* 104 N.H. 168, 181 A.2d 638 (1962). However, we cannot read into Laws 1970, 70:1, an intention on the part of the legislature to override the lawful vote of the townspeople defeating the proposed amendment. We hold therefore that the amendment in question is without legal effect.

In view of this holding we need not answer the other questions transferred.

*Remanded.*

All concurred.