Hillsborough
No. 7216

GEORGE DISCO & a.

v.

BOARD OF SELECTMEN OF AMHERST & a.

October 31, 1975

*Prolman & Holland (Mr. Francis G. Holland* orally) for the plaintiffs.

*Enright, Lizotte & Drescher (Mr. William R. Drescher* orally) for the defendants Board of Selectmen, Town Moderator, and Building Inspector of Amherst.

*John A. Melrose,* by brief and orally, for the defendants Bruce Reeves and Charles Vars.

LAMPRON, J. Petition for injunction and appeal under RSA 31:74-77 contesting the validity of a declaration by the town moderator that a warrant article amending the zoning ordinance and map of the town of Amherst had been adopted by a majority vote at the regular town meeting on March 4, 1975. By its terms the amendment was intended to change from a "Rural" to a "Commercial" classification lots 57-1 and 57-2. Plaintiffs contend that a valid protest under RSA 31:64 was duly filed thus requiring for adoption a "favorable vote of two thirds of all the members of the legislative body [town meeting] of such municipality present and voting." Upon an agreed statement of facts by the parties, *Flynn,* J., reserved and transferred to this court without ruling four questions relating to the legal issues raised by the parties.

Questions No. 1 and No. 3 are closely related and will be treated together. They ask whether plaintiffs' protest met the requirements of RSA 31:64, and if it did, whether it was timely filed.

Defendants admit in their briefs that the land owned by W. Dana Bartlett, Jr., and Emma M. Bartlett as joint tenants meets in and of itself the area requirements of RSA 31:64. This reduces the issue of the validity of the protest petition to whether the signature of W. Dana Bartlett, Jr., alone was sufficient to satisfy the requirements of the statute. Defendants Reeves and Vars, owners of a substantial portion of the property involved in the amendment, maintain that it cannot. They rely on *Hamblett v. Nashua,* 102 N.H. 318, 156 A.2d 134 (1959), to support their position.

In *Hamblett* this court held that the assent of one coowner of a lot was insufficient to grant consent for the lot to an abutter's request for a variance. That holding was premised upon the traditional concept that one coowner cannot diminish the rights of the other coowner or impose a burden upon the entire estate without the consent of the other coowner. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 2 (1965).

However, allowing one cotenant to protest a change in zoning which would diminish the protection the ordinance affords to their jointly owned land is consistent with the well-established duty of a

joint tenant to protect the common title. *Id.* § 66. It also prevents a cotenant from reducing the existing protection to the joint land by inaction on her part. It is the very purpose of RSA 31:64 by its requirement of a two-thirds vote to confer an added protection to property owners against unwanted or ill-considered changes in zoning ordinances. *Los Angeles Lighting Co. v. Los Angeles,* 106 Cal. 156, 39 P. 535 (1895); *Trumper v. Quincy,* 358 Mass. 311, 264 N.E.2d 689 (1970); 1 R. Anderson, American Law of Zoning § 4.34 (1968); 1 A. Rathkopf, Law of Zoning and Planning 28-5 (3d ed. rev. 1974); Annot., 3 A.L.R.2d 127 (1949); *see Marks v. Bettendorf's, Inc.,* 337 S.W.2d 585, 595 (Mo. App. 1960) (dissenting opinion). The answer to question No. 1 is "Yes", the protest petition complied with the requirements of RSA 31:64.

Whether the petition was filed on a timely basis is the subject of question No. 3. This court held in *Towle v. Nashua,* 106 N.H. 394, 400, 212 A.2d 204, 208 (1965), as follows: "Since the statute fixes no time for filing, a filing at any time before action is taken upon the proposal by the 'legislative body' will comply with the statute. RSA 31:64." It is agreed that the protest petition in the present case was filed at 11:10 a.m. on the day preceding the town meeting vote on March 4, 1975. *See Alton v. Fisher,* 114 N.H. 359, 320 A.2d 653 (1974). The answer to question No. 3 is "Yes".

Question No. 2 reads as follows: "Whether a consent to a protest petition under RSA 31:64 may be withdrawn at any time prior to final decision." The protest petition was signed by W. Dana Bartlett on March 1, 1975. It was filed with the selectmen on March 3. The vote on the amendment to the zoning ordinance took place on March 4, 1975. The ballot count was 719 "Yes" and 672 "No" which fell short of the two-thirds vote required by RSA 31:64. On March 7, 1975, Bartlett wrote a letter to the town moderator requesting that his name be removed from the petition. By letter dated March 13, 1975, town counsel advised the moderator that the protest having been withdrawn, the resolution was adopted by a majority vote. The moderator then declared adoption of the amendment.

It is essential that there be a point of time at which signatures cannot be added to or withdrawn from a protest petition. This is required so that all concerned, the proponents and opponents of the measure, the voters, and the election officials, will know the status of the protest petition at some time, preferably before the voting begins, but at least when the votes are counted and the moderator is to announce the results. To permit the addition or withdrawal of names some days after the vote, as in the case of the Bartlett request

to withdraw, would create grave uncertainty in the process of protest petitions which could not have been intended by the legislature. *See Trumper v. Quincy*, 358 Mass. 311, 264 N.E.2d 689 (1970); *Alton v. Fisher*, 114 N.H. 359, 320 A.2d 653 (1974); *Towle v. Nashua*, 106 N.H. 394, 212 A.2d 204 (1965). Our answer to question No. 2 is "No", the attempt by Bartlett to withdraw his name on the protest petitions by a letter dated two days after the town meeting and the tabulation of the votes was not permissible. The legislature might consider it in the public interest to enact legislation defining the procedures to be followed in this area instead of having them defined after the fact by court decisions.

The last question reads as follows: "4. Whether the decision of the Town Moderator is binding and conclusive upon all the parties in the absence of any showing by the petitioners of fraud, collusion or the abuse of his authority." It is within the jurisdiction of the moderator to determine and announce the number of votes cast on the warrant article in question. *Drown v. Hudson*, 112 N.H. 386, 296 A.2d 897 (1972); *see* RSA 59:69. This the moderator did at the conclusion of the voting. Whether the majority vote for the proposition which the count revealed, or whether a two-thirds vote was needed to adopt the article, as well as the status of the protest petitions, were all questions of law and fact outside of his jurisdiction. *Alton v. Fisher, supra* at 363, 320 A.2d at 656. The answer to question No. 4 is "No", the decision of the moderator as to the number of votes needed to adopt the zoning amendment in question was not binding on the parties.

*Remanded.*

All concurred.