SCHOOL COMMITTEE OF FOXBOROUGH vs. MICHAEL J. KOSKI & anoth-
er. June 29, 1979. This is an action in the nature of certiorari which
the plaintiff school committee commenced prior to our decision in
*Doherty* v. *School Comm. of Boston,* 6 Mass. App. Ct. 805, 810-812
(1979), to obtain appellate review of an adverse decision of the Superior
Court in an appeal brought by the defendant Koski under G. L. c. 71,
§ 43A, as in effect prior to St. 1977, c. 671. The case is before us on the
reservation and report of a single justice. The appeal was heard in the Su-
perior Court solely on the written record of the proceedings of the school

committee. That record, which is before us, shows that Koski was dismissed from his position as a physical education instructor as a result of a cutback in the number of such positions from six to five, for budgetary reasons, Koski ranking last in seniority among the holders of those positions. There is no doubt as to the power of a school committee, acting in good faith, to abolish a position for reasons of economy. *Kaplan* v. *School Comm. of Melrose*, 363 Mass. 332, 335 (1973). *Nutter* v. *School Comm. of Lowell*, 5 Mass. App. Ct. 77, 79-80 (1977), and cases cited. The basis for selecting Koski for discharge complied with the "good cause" standard of G. L. c. 71, § 42. "Good cause includes any ground which is put forward by the committee in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the committee's task of building up and maintaining an efficient school system." *Rinaldo* v. *School Comm. of Revere*, 294 Mass. 167, 169 (1936). The fact that the vote to delete one physical education position from the budget for the ensuing school year was taken prior to the commencement of the procedures mandated by § 42 for the removal of a particular teacher does not bring the case within the authority of *Graves* v. *School Comm. of Wellesley*, 299 Mass. 80 (1937). Unlike that case and *Nutter* v. *School Comm. of Lowell, supra,* the earlier vote was not in substance a dismissal of any particular person. The hearing on June 14 and 21, 1976, was neither futile (contrast *Kaplan* v. *School Comm. of Melrose,* at 336) nor, as the defendant Koski contends, a sham. The judgment of the Superior Court is reversed, and a new judgment is to enter affirming the action of the school committee.

*So ordered.*

*John P. Lee* for the plaintiff.
*Jeffrey M. Freedman* for Michael J. Koski.