This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
Clerk, Appellate Division

Jeremiah CONSTANTINO
vs.
**MASSACHUSETTS
ELECTRIC COMPANY**

No. 8745

U.S. District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

**February 10, 1983**

Nicolas J. DeNitto, Esq., counsel for Appellant.
Robert L. Marder, Esq., counsel for Appellee.

## OPINION

**Forte, J.** This action has been brought under the provisions of G.L. c. 93A. The plaintiff alleged that the defendant, a public utility corporation, committed an unfair or deceptive practice by requiring him to pay the defendant $7000 before the defendant would clear a public way of its lines to enable the plaintiff to move a house.

At trial, there was evidence according to the report and the trial judge's find-ings—see **Olofson v. Kilgallon,** 362 Mass. 803 (1973)—as follows—

The plaintiff informed the defendant timely of his intention of moving a house along public ways from one location to another in Lynn, Massachusetts. A conference occurred between the plaintiff and the defendant's field engineer who was responsible for doing "field work" for the defendant when houses were moved on public ways.

Although the field engineer was aware of G.L. c. 166, sec. 39, he not only did not inform the plaintiff of its contents, but required the plaintiff to pay the defendant $7000 before the defendant would perform the required work of removing its wire obstructions on the public ways involved. The plaintiff was unaware of G.L. c. 166, sec. 39.

The plaintiff paid the $7000. The defendant reset poles and raised primary transmission cables at a cost of $25,145.07 rather than temporarily cutting lines which would have temporarily disrupted electrical service to some of its customers. The house was removed.

The plaintiff sent timely a written demand for the return of his $7000 pursuant to G.L. c. 93A and the defendant did not tender an offer of settlement in response to the plaintiff's demand.

Thereafter, the plaintiff commenced this action alleging that the defendant's charge of $7000 for the wire removal violated G.L. c. 166, sec. 39 and as such was an unfair or deceptive trade practice under G.L. c. 93A. The plaintiff sought treble damages plus attorney's fees and costs.

At the close of the evidence, the defendant filed requests for findings of fact and ten requests for rulings of law. The trial justice declined to rule on the requests for findings of fact, and denied the following requests for rulings:

"1. That MEC's actions were governed by the Massachusetts Department of Public Utilities'

sanctions and therefore exempt from the provisions of M.G.L. c. 93A (Exhibit A of Trial Brief)

"6. That MEC's obligation under M.G.L. c. 166, sec. 39 is specifically limited to the cutting, removing, or disconnecting of ordinary distribution wires.

"8. That MEC rightfully charged plaintiff for extraordinary expenses relating to the resetting of poles and raising and lowering of transmission cables.

"9. That the plaintiff's request for relief is without support in law or fact.

"10. The plaintiff's Complaint should be denied in full."

The trial court found for the plaintiff and the defendant is aggrieved by the court's denial of the requests for findings of fact and from the denial of the above five request for rulings.

There was no error.

I. Requests for findings of fact.

"A judge is not required to act upon requests for findings of fact in an action of law." **Spiller v. Metropolitan Transit Authority,** 348 Mass. 576, 579 (1965). Therefore, there is no appeal from the judge's refusal to act upon requests for findings of fact. It is noted however, that the judge did file detailed findings of fact.

II. Requests re: G.L. c. 166, sec. 39 (requests #6 and #8)

These requests for rulings relate to the interpretation of G.L. c. 166, sec. 39 which reads in part as follows:

"Whenever, in order to move a building . . . a person desires that the wires of any such company be cut, disconnected or removed, the company shall forthwith cut, disconnect or remove the same, if the person desiring this to be done" has properly notified the company.

G.L. c. 166, sec. 21 grants a company incorporated for the transmission of electricity permission to construct lines for such transmission upon, along, under and across the public ways, but such company shall not incommode the public use of public ways.

The Supreme Judicial Court in **Richards Building Moving Company v. Boston Electric Light Company,** 188 Mass. 265 (1905) stated the rights granted to electric companies should not " 'incommode the public use of highways or public roads'. The moving of a building . . . is a use of the highway recognized by sec. 17; and the granting of the right to maintain such lines was subject to the public use of the highway for other purposes . . .".

Although G.L. c. 166, sec. 39 does not specify which party shall bear the costs of such removal, the Appeals Court in **New England Telephone & Telegraph Company v. Dover-Sherborn Regional School District,** 8 Mass. App. Ct. 870, 891 (1979) (further appellate review denied, 379 Mass. 925, 926 (1979)), stated the wording of sec. 39 indicates the Legislature's intent that a company should bear the costs incurred in complying with its statutory duty. Therefore, the defendant must provide this service - not to incommode the public's use of public ways - at no charge. How the company decides to perform this service, whether by cutting, removing, relocating, or raising, is immaterial as long as it makes the public way usable.

III. Requests re: unfair or deceptive practice (requests #9 and #10 G.L. c. 93A sec. 2 defines unfair practices in subsection (a):

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

The criteria spelled out in **PMP Associates v. Globe Newspaper Company,** 366 Mass. 593, 595 (1975), "require the courts . . . to look for conduct which is (1) within 'at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) . . . is immoral, unethical, oppressive, or unscrupulous'. Whether a given practice runs afoul of these

touchstones must be determined from the circumstances of each case . . . The objectional conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'' **Levings v. Forbes & Wallace Inc.** 8 Mass. App. Ct. 498, 504 (1979).

The defendant, knowing it was required by law to perform the requested service at no charge, not informing the plaintiff of this, and requiring the plaintiff to pay $7000 for the service before performance falls well into the definitions of unfair and deceptive practices.

IV. Request re: exemption (request #1)
G.L. 93A sec. 3(1) states:

''(1) Nothing in this chapter shall apply to (a) transactions or actions otherwise **permitted** under laws as administered by any regulatory board or officer acting under statutory authority of the Commonwealth or of the United States.'' (emphasis supplied)

The defendant's argument that its charges are under the supervisory authority of the Department of Public Utilities must fail in this case because by statute G.L. c. 166, sec. 39 as interpreted by **N.E. Telephone & Telegraph v. Dover-Sherborn Regional School, supra,** the defendant is precluded from charging or recovering its costs to carry out its duty as imposed by G.L. c. 166, sec. 39. The Department of Public Utilities cannot permit what the Legislature has so proscribed.

Further, merely because a company is under the supervision of an administrative body does not grant it an exemption from liability under G.C. c. 93A. See **Dodd v. Commercial Union Inc. Co.** 373 Mass. 72 (1977).

Even if a favorable administrative opinion was issued by an engineer with the D.P.U. to the defendants, ''courts are not bound by erroneous administrative constructions of a statute''. **Johnson v. Martignetti,** 374 Mass. 784, 790 (1978).

Report dismissed.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**James B. Tiffany, J.**
This certifies that this is the opinion of the Appellate Division in this cause.
**Suzanne Hurley**
**Clerk, Appellate Division**